All right, the next case is Christmas v. Nabors We'll hear first from Ms. Avila. Ms. Avila, on behalf of Mr. Christmas, there are five issues that we've raised on appeal. Given the court's time, I intend to discuss legal mail and recreation and to answer any other questions the court may have. With respect to all arguments raised on appeal that are not addressed today, Mr. Christmas stands on the briefs. Mr. Christmas, at the time of pretrial detainee and a pro se litigant, filed a complaint challenging the Polk County Jail policy of copying and scanning his legal mail to an electronic database. Initially, the district court construed that legal mail claim as raising a violation of his First and Sixth Amendment rights and held that that claim was cognizable. Notwithstanding and over Mr. Christmas' objection, the district court adopted the magistrate's report and recommendation recommending dismissal of the legal mail claim. In conducting the de novo review, the district court did not explain how Mr. Christmas' legal mail claim, which was initially held to be cognizable, now failed to state a claim under 28 U.S.C. 1915A. This was error. The protections of the First and Sixth Amendment do not stop at the physical act of opening legal correspondence, whereas here, the jail has a policy of creating an electronic copy of that correspondence that is available on jail computers. Can you explain, I want to dig in a little bit on this. Nowhere in the amended complaint does Mr. Christmas allege that the defendants or even other prisoners were able to or were, in fact, reading Mr. Christmas' legal mail. So how can there be a First or Sixth Amendment violation without the allegation that the defendants had access to his confidential communications? First, Your Honor, the requirements set forth in Al-Amin do not require any allegation that the mail be read. What Al-Amin requires, and it's a limitation that reaffirms this court's binding precedent in Taylor and Guajardo, which is the jail officials may only access legal mail in the presence of the inmate and only to search for contraband. The policy here went beyond that by creating another copy, an electronic copy, that was held on jail computers. But the act of transferring the written communications to the electronic form was done in the presence of Mr. Christmas, correct? It was, but it took the control out of Mr. Christmas' hands by putting it on a database controlled by the prison. And so it was your concern that the prisoner was chilled because he had concerns that when he wasn't around, since it was available to the prison system on their computer, the prison system or members of the prison, I guess, officials of the prison could read his legal mail. Is that what your issue is? That is exactly right, Judge Rosenbaum, and the policy at issue in this case is even more That was the case in Taylor and Al-Amin and Mitchell v. Peoples. In those cases, the inmate would know whether the legal mail was touched or inspected because he would receive the envelope in an opened envelope. It would be physically perceptible to him that the mail was accessed. In this case, there is no way for the inmate to know or to allege in good faith that the with his attorneys. Let me ask you a question about this. So if he has alleged that they open my mail, they scan it into the system, basically, I don't know, and I'm not in a position to know whether they're actually reading it, but my concern is that they might read it or that they have the ability to read it. What does the prison need to do to make this constitutional? What do they need? What, in your view, would they need to do to sort of assuage that concern? Exactly what Mr. Christmas requested in his grievances. Let's go back to the policy that it always was. Open my legal mail in my presence and give it to me.  So no electronic storage, okay. That is correct, Your Honor. It's Mr. Christmas's position that creating a digital copy of his legal mail over his objection violates the constitution because it chills and undermines his confidence in the confidentiality of that communication with his attorneys. And there is no way for him to know whether that mail is going to be accessed, read, forwarded, copied, printed. He loses all control. Even with password protection, where he's the only one, he creates his own password and all of these electronic accounts are locked down like that? Well, the allegations in this case are that, as Mr. Christmas alleged and we must take as true and draw all reasonable inferences in his favor, are that the prison did have control. He says it's their jail, it's their computers. And to answer your question, Judge Branch, even if there is a passcode, the process to set up that passcode is by giving that passcode to the prison officials. There's an exhibit that's attached to the objections to the report and recommendation. I believe it's that page 166 of volume two that speaks to setting up your prison passcode to access legal mail. And so Mr. Christmas has to put that passcode into the jail's possession. But even if he didn't, the argument that the jail will not just trust us, we won't access it, was addressed by the former Fifth Circuit and Taylor, as well as Al-Amin. And the court said the good faith processations by the jail officials that they won't access the mail are not, there are no moment here. Because what we're going to look at is the fear of the inmate as to whether they believe that the jail may access that mail. And here, Mr. Christmas has alleged that he feared that his electronic communications, which he objected to the process of scanning them in the first instance, were going to be accessed by the jail. He said in the complaint, nothing is private. They copy everything, even my discovery and my communications with my attorney. And so having a policy where the jail officials are just going to say, it's not an issue because we're not going to look at it, doesn't comply with Al-Amin. Can I ask you another question about this? So you've raised this as a First Amendment claim and a Sixth Amendment claim. And I've just been thinking about these as sort of different. So and I just want you to explain this to me. So see if I'm thinking about this right. I mean, the First Amendment claim is more about chilling his speech, his ability to and the Sixth Amendment claim is more about preventing him from having a successful representation with his attorney. Is that. Am I right? And so, I mean, the question is sort of, am I right in thinking about these differently? Does it matter? Think about them differently. Well, you don't need to think about them differently, Your Honor, because in Taylor, the former Fifth Circuit held that your rights, the Sixth Amendment right to private communications with the attorney is a corollary to the right to uninhibited confidential communications with the attorney. So it's a corollary right that follows from the First Amendment rights that the inmates have. In this case, you can think of them separately only insofar as Mr. Christmas was a pretrial detainee. And so he had a Sixth Amendment right to communicate privately with his attorney. And the courts and the law promotes that candor in the communication between a pretrial detainee and his attorney and creating a system whereby discovery is going to be created and held on prison computers is going to violate Mr. Christmas's Sixth Amendment right. And at a minimum, Mr. Christmas has stated a claim that his fear that the jail was going to access his I guess and I guess it's the chilling aspect, you know, if the allegation where they looked at my mail, you know, it just seems to be here. The allegation is you're sort of chilling my communications because you might look at my mail. That just seems very First Amendment to me. Sixth Amendment seems more about did that actually affect the outcome of your relationship? What if what if he had said, you know, you're chilling my communications, but it turns out that, you know, I pled guilty and like I was I was the chilling aspect had no effect on the outcome of my proceeding. Would that still be a Sixth Amendment violation? Yes, your honor. I think it would be because the issue is that the pretrial detainee, Mr. Christmas is entitled to private communication with his attorney, setting up a policy where you're creating an electronic copy that's held by the police, by the jail officials. Without him knowing what they're doing with it or how they can access it is going to violate his Sixth Amendment right to have private communications with his attorney because it takes the control away from Mr. Christmas in both Taylor and Al-Amin, the court said we are we are mandating this policy where if you're going to access legal mail, it's only going to be done in the presence of the inmate because it allows the inmate to be the watchdog. It allows them to know whether their mail is being read by creating this policy where you have a copy of the correspondence in the jail's possession that Mr. Christmas will never know if they access until he gets to the discovery phase and can look at the metadata on the communications. It's both chilling his communication with his attorney, but it's also undermining his right to private communications with his legal counsel. Thank you, counsel. Mr. Christmas has reserved five minutes for rebuttal. We'll hear next from Miss Vasquez. Good morning, Your Honor, Jennifer Vasquez for the defendants, the district court here correctly look at the allegations in the amended complaint only to determine whether Mr. Christmas has stated a possible claim. It did not look to see if any new claims could be discerned from the expansive additional reported allegations and the objections to the report and recommendations, nor was it required to. And that would go also for the, I think, one hundred and fifty five pages of so-called exhibits that were attached to the objection to the report and recommendation. And I would like to give three reasons why the district court's determination should be upheld. The first is that giving pro se claims leeway does not equate with becoming stepping in and becoming counsel for a pro se plaintiff. The second is that the district court applied the correct standard of review, which was the twelve to six standard rather than some sort of hybrid that was twelve to six and a rule fifty six. And the third is what I've already mentioned, that the court may only consider the complaint, not the allegations that would be pled otherwise or could be cherry picked from different portions to be put together as as a claim. Can we can we jump in on the kiosk system, the legal mail and just jumping off of where opposing counsel left off? If if jail officials can access mail on the kiosk system outside of Mr. Christmas's presence, how is that not raising the chilled speech concerns we talked about in Mitchell? Well, your honor, thank you. We would argue that there was never an allegation in the complaint that his mail was accessed. It was speculative because it was saved on a memory chip. But counsel, that's not really the concern that Mitchell has. Right. It's more of a chilling, chilling kind of concern. And the concern is that it could be accessed outside of his presence. Yes, your honor. Again, there was I would ask you to read carefully the citations, especially to the reply brief where it says that he does allege that there was a chilling concern. He did not actually allege that in the amended complaint, which was document twenty three. And then the attachments, which were his out his handwritten allegations document. He's also one pro se. And so we have to and this is a screening, right? I mean, it's getting screened out. So we have to read his allegations liberally. Right. I mean, you would agree with that. Yes, your honor. And it's still your position that he hasn't said it now when we apply that standard. Just a claim. Yes, your honor. The case law even cited in the brief. Hinges upon if there's a pattern and practice of opening legal mail outside of a prisoner's presence and that indisputably did not happen here. So there's nothing for the court that would have required the district court to jump off from that and go into, you know, the district court itself, I would say, would have had to say, well, this could have chilled his right to counsel. And there's just nothing in the allegations that concern that we've I mean, we've said and our predecessor court has said that there's a concern. That you need to have a system that allows inmates to, quote, trust that their legal communications remain confidential. And so why isn't that an issue here? Again, there was no allegation that anyone actually had access to his password, used his password. The constitutional provision can't hinge on, you know, what an inmate fears. That's not the test. There has to be some. It's true. But didn't he allege here that the jail has that the jail has the memory chip and has access to it? I mean, isn't that what he alleged? He alleged that all of his legal mail was on a memory chip. But why? Why isn't that the same thing as saying I have to trust that they're just not going to access it, even though they can. And didn't we say that in our precedent that. A prisoner shouldn't have to trust. That the jail isn't going to review his mail. Right. Yes, your honor. I will. So that's the problem. What? Why is that not a problem? Well, again, I would say that it's an interesting issue, but it's not one that came in that the prisoner alleged here. So there's, of course, always a way that someone could intervene and find an electronic file. We know that that's true, but it's not at issue in his allegations in this complaint. I would also point out to you that he had another middle district court case going on at the same time. There was obviously no problem with him communicating with his counsel with that case. He successfully, successfully. I mean, that's not really part of the record. So can we. I just want to make sure I'm understanding your argument. If we go back and review the complaint again. And we conclude based on what's in the complaint that he has alleged enough to suggest that his complaint is that. The jail officials are able to access his legal mail outside of his presence and that violates his First Amendment rights. You would agree that that states a claim? No, your honor, I would not agree because. Well, if he if he had alleged that he that they did access it outside of his presence. So that's what I want to make sure I'm understanding. So your position is he cannot possibly state a claim unless he alleges that they did access his mail. Correct. OK, see, I just don't read our case law that way, but maybe I'm missing something. What what is your what are you relying on for that? Well, because all of the case law regarding legal mail requires there to be access of an alleged access of the legal mail. Now that we're talking about when you say all the case law, where is that? I'm talking about Mitchell Duval County, which is a circuit 2021 case that. Mr. Christmas relies on. But where in that case, which says it says that only a pattern of practice of opening legal mail outside an inmate's presence violates his free speech rights. So this is what we so this is what we say, I mean, so I guess in that case, though, it was not a challenge to like a policy or a procedure, right? It was a challenge to. Something that they were doing that was not a policy or procedure, am I right about that, that that their policy was not to open legal mail, but they were opening it anyway, right? Right. OK, I guess that here's here's the line from from Mitchell that is giving me concern. We say, quote, the only question for all the means free speech claim, this we're talking about on the case, was whether the officials practice of opening his clearly marked legal mail outside his presence was enough to chill, inhibit or interfere with his ability to speak, protest and complain openly openly to his attorney. So I think that's the that's the. What do we say about the chill, inhibit or interfere, the only question was whether this practice was enough to chill, inhibit or interfere with his ability to speak here. The practice is. The scanning on the, you know, whatever terminal isn't the only question, whether that practice was enough to interfere or inhibit or chill his ability to speak. Yes, your honor. But again, the petitioner did not allege that he thought his speech was right. It's a different it's a different practice, I guess. That's the point. I mean, this practice is different, but it's the same claim. Right. In the practice in Mitchell. Yes, your honor, but. So he and the petitioner here was more complaining that he didn't get you only got a copy of his legal mail, unlike what had come before. So he was merely complaining that, you know, the policy had changed. It wasn't that his speech or his right to counsel was being chilled. And you have no further questions on legal mail, do you like to address any of the other issues? That's up to you. I mean, counsel on the other side did not address any of the other issues. But if you want to do that, you're welcome to. Thank you, your honor. We would just like to briefly address a few of the issues that   we have as of right now.   That are in this case. That actually. Request that. Again, the allegations of the imminent claim are what the court focuses on. That the citations to the record that we have are relied on instead of. No summarized by by counsel and instead what the allegations actually are again. Even though it's a prosaic. Plaintiff. They still are held to the rules of civil procedure. And the court may not step in as counsel. I would like to just point out briefly that there were. There's new claims that have been raised now about the cane and the retaliation based on the cane. There, there are also citations back to medical records that either. Existed many years before or came after, after he actually was entitled to a surgery a few years after. I wonder why you call them new claims with respect to that. The cane. I mean, it seems to me like. I understand the district court may not have read the complaint that way, but it looked to me like he was alleging. First amendment retaliation, right? That he's saying, I made these grievances. That I didn't get outdoor time or recreation time. And they responded by. Taking away my cane and throwing me out of the medical. Ward and putting me into the general population. Why isn't that. A first amendment retaliation claim, whether or not the district court read it that way. Thank you, your honor. First of all, There were no allegations against the defendants in this case that they were the ones who made that decision, but also that. What Mr. Christmas actually says is that when his cane. When he requested to have a creation who has moved to open population. It's not that when he was submitting grievances, he was retaliated against and his cane was taken away. So the district court was within its discretion to read that. So I totally understand that that's the argument your client makes. And ultimately that might be the argument. That prevails, but. We're we're doing screening. We're on essentially a motion. Well, not really a motion to dismiss, but essentially that standard. Don't we have to give the. The plaintiff the benefit of the doubt here. And if his complaint can be read to state a first amendment retaliation claim. Whether or not the district court chose to do it that way. Don't we have to. Credit the complaint that way. I mean, why wouldn't we have to do that? Your honor, the complaint can be read to, you know, many other claims could be read to spring out of his allegations. If you pick a sentence here, a sentence there. It also there's sometimes with this actual issue. I don't know if you want, I mean, you're welcome to make that argument if you want to, but we're on a screening, right? So. This is a situation where the district court is just looking at this and throwing the complaint out. The district court has to, and he's also. You know, pro se. The district court has to apply a pretty liberal standard in construing what is written in the complaint because he's pro se. And because of the motion to dismiss standard. He has to read all of the allegations in the late, most favorable to the plaintiff on top of reading them liberally. So if it can be read to state these claims. Why shouldn't it be? I mean, why isn't it error not to. And your honor, again, there were obviously a lot of pleadings in front of the district court. There was no direct connection from he made these grievances. And his cane was taken away because of that. That's an inference that has been made now by council. So the court could read his complaint correctly to say. Now he's being put in open population where you can't have a cane. Is it a reasonable inference? Yes, your honor. Okay. And so don't we have to read the complaint to draw reasonable. Inferences in favor of the plaintiff. Oh, is it a reasonable inference that it was in retaliation? Yes. No. I don't believe it was a reasonable inference from why not? Because it was a housing. It was a housing. Situation where he was moved from this medical dorm where he had been two years and then he was moved to open population. Was he moved with a colonoscopy bag still in use? Yes, your honor. And he also, there was a sentence. I'm sorry. What was the change in his medical status that allowed him to be moved with a colonoscopy bag from the medical unit to outside the medical unit? I don't know your honor. And that's not in the allegations. It wasn't. I mean, I thought that the, that sort of your argument on this was that he wanted outside exercise and the move was to give him the outside. He was complaining about no outside exercise. So they moved him into a unit that allowed outside exercise. The medical unit just doesn't do that. Well, the argument is that that's what happened, but it's picking one side or the other to say that happened out of retaliation or that happened because he either had a change in his medical, I don't know if the jail has the two year limit on when they're in a medical dorm or why he was moved. But the point is there's the same sentence where he talks about his cane being taken away. And I believe this is in the objections. It also says that they made him go with his philosophy bag. So you would have to say they also were his, you know, making him go with his philosophy bag was also in retaliation. And that is also not a reasonable inference that the court would have been. Thank you, Ms. Vasquez. All right. We'll hear from Ms. Haribold. May it please the court Adrian Haribold on behalf of appellants. I first want to address the contention made by respondents that Mr. Christmas failed to make these allegations in his amended complaint. First turning to the retaliation claim in volume one at page 95, this is Mr. Christmas's amended complaint. He states, the defendants told medical to take my cane and made me go with a colostomy bag. And this was causing me more pain. This was because I was asking for recreation. This is an allegation made in Mr. Christmas's amended complaint where he says that he has moved, that his cane is taken from him because he asked for recreation. I also want to address the respondents contentions that the first amendment claims were not made in the amended complaint. Mr. Christmas's amended complaint throughout says, for example, at volume one, page 111, they make me open my legal mail. I can read the mail on a computer called kiosk. This is the policy and the custom here at the jail. Lieutenant neighbors policies principle and was instrumented in instrumental in his adoption and execution. They take all the inmates legal mail. But if you in looking at the amended complaint, there's a second part of the sentence. For example, here I'm, I'm now quoting on document 23 dash one page 36 here. The defendants took my legal mail and made me open it and put my mail in a copier that has a memory chip. And I can get a copy of it or I can put the original in my property and I can read the one they made me copy on a computer called a kiosk. And I think opposing counsel's argument has been, yes, he has raised kiosk issue, but he, his complaint, I'm looking at the amended complaint. His complaint about this process seems to be, you're making me choose between a copy, not the original mail or a kiosk. I don't like these options. Mr. Christmas makes these allegations throughout the amended complaint. And we understand in his position as a pro se litigant that we have to draw some inferences in his favor. And at times he, how he expresses the policy is that the mail comes in, the jail makes a copy and he has the option of shredding the original or putting the original in his personal effects. And that copy is scanned to a kiosk throughout the amended complaint because he says all legal mail, we would construe that in favor of all legal mail is being scanned to the kiosk that there's not an option for Mr. Christmas to opt out of scanning the legal mail to the kiosk. Additionally, this court found in Boxer v. Harris, as part of the obligation to construe pleadings liberally in favor of pro se litigants, that a district court may be obligated to review new allegations and objections to report and recommendations. So we would argue that here the district court in conducting its de novo review would have been obligated to also consider the allegations and the evidence that Mr. Christmas submitted in support of his amended complaint. I also want to turn to Judge Brasher's questions on the sixth amendment because I believe my colleague, Ms. Aguilar was cut short because I think that the court in Taylor addresses your question about, you know, is reading the legal mail, what is actually necessary to state a sixth amendment claim and how Taylor looks at the question is that it sees the right to effective assistance of counsel.  And it sees the right to effective assistance of counsel as being her child. And they're not looking at just whether the mail has been read. The direct port of Taylor is that although these concerns are unfounded in most circumstances, the inhibitory effect of the jail's jail officials, access to information contained in the correspondence may diminish an inmate's lawful access to the courts. Since Casey, we've no longer recognized an access to the court claims without injury, but it's addressing the sixth amendment right of effective assistance of counsel as being curtailed when that correspondence is limited. Could you address another issue that I have about the first amendment claim? So when I ask your co-counsel, you know, what could the prison have done? And she said, you know, the prison has gone back to the non-terminal system. Is there anything, do we have to agree with that position to think that you've stated a claim? Or could we agree that you say the claim, even if there's something less than that, that could have been done? I think that Mr. Christmas states a claim as long as he has alleged that the jail officials maintain access to his legal mail, because that's the heart of Taylor. And that's the heart of what Alan means addressing. It's addressing what prophylactic measures a facility needs to take for an inmate to have the confidence that that mail was not accessed outside of his presence. So whatever the process may be at Polk County jail, Mr. Christmas has alleged that he lacks that safeguard. And so a policy without a safeguard where by prison officials could have would be what states a claim under this court's precedent and Alan mean. Thank you, counsel. We would ask that the court be keep the judgment of the district court. Thank you. Ms. Avila, Ms. Harville. I see that you were appointed counsel. We very much appreciate your able representation of Mr. Christmas. Thank you.